**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | Case No. 04-05548 |
| ) | Chapter 7 |
| SAGE ENTERPRISES, INC., ) | |
| ) | Honorable Susan Pierson Sonderby |
| Debtor. ) | |
| ) | Hearing Date: June 29, 2010 |
| ) | @ 10:00 a.m. |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that, on June 29, 2010, at 10:00 a.m. or as soon thereafter as counsel may be heard, we shall appear before the Honorable Susan Pierson Sonderby in courtroom 642 in the Dirksen Federal Courthouse, 219 Dearborn Street, Chicago, Illinois, or before any judge sitting her absence, and present the **Final Application of Drinker Biddle & Reath LLP for Allowance of Compensation and Reimbursement of Expenses as Special Counsel to Horace P. Fox, Chapter 7 Trustee,** a copy of which is herewith served upon you, at which time and place you may appear if you see fit.

Dated: June 9, 2010                          Respectfully submitted,

                                             HORACE D. FOX, CHAPTER 7 TRUSTEE
                                             OF SAGE ENTERPRISES, INC.

                                             By:    /s/ Timothy R. Casey

                                             Michael E. Barry (IL 3121539)
                                             Timothy R. Casey (IL 6180828)
                                             Terri L. Ahrens (IL 6284644)
                                             Drinker Biddle & Reath LLP
                                             191 N. Wacker Drive, Suite 3700
                                             Chicago, IL 60606
                                             (312) 569-1000

CH01/ 25553483.1

## CERTIFICATE OF SERVICE

      I, Timothy R. Casey, an attorney, hereby certify that on June 9, 2010 the foregoing **Notice of Motion and the Final Application of Drinker Biddle & Reath LLP for Allowance of Compensation and Reimbursement of Expenses as Special Counsel to Horace P. Fox, Chapter 7 Trustee** were filed electronically. Notice of these filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt and to all other parties listed on the Service List identified with an asterisk, by depositing the same in the United States mail, postage prepaid, at 191 North Wacker Drive, Chicago, IL 60606 on June 9, 2010 before 5:00 p.m.


      /s/    Timothy R. Casey

CH01/ 25553483.1

SAGE ENTERPRISES, INC.
RULE 2002 SERVICE LIST
Case No. 04 B 5548

| | |
|---|---|
| Richard M. Bendix<br>Martin W. Salzman<br>Robert Nachman<br>Dykema Gossett PLLC<br>10 S. Wacker Dr., Suite 2300<br>Chicago, IL 60608<br>Ph:  (312) 627-5673<br>Fax:  (312) 627-2302<br>Counsel for Sage Enterprises, Inc. | Sara E. Lorber<br>Seyfarth Shaw LLP<br>55 E. Monroe St., Suite 4200<br>Chicago, IL 60603-5803<br>Ph:  (312) 346-8000<br>Fax:  (312) 269-8869<br>Former Attorney for Horace Fox, Chapter 7 Trustee |
| Gretchen Silver<br>Office of the U.S. Trustee, Region 11<br>227 W. Monroe St., Suite 3350<br>Chicago, IL 60606<br>Ph:  (312) 866-7480<br>Fax:  (312) 866-5794 | * Irene S. Fiorentinos<br>Timothy Hoffman<br>Jones Day<br>77 West Wacker Drive<br>Chicago, Illinois 60601<br>Ph:  (312) 269-4155<br>Fax:  (312) 782-8585<br>Counsel for Continental Airlines |
| * Thomas Hirsh, Assistant General Counsel<br>Bank of America<br>135 South LaSalle Street<br>Chicago, IL 60603<br>Ph:  (312) 904-6410<br>Fax:  (212) 378-7934 | Richard S. Lauter<br>Freeborn & Peters LLP<br>311 Wacker Dr., Suite 3000<br>Chicago, IL 60606<br>Ph:  (312) 360-6641<br>Fax:  (312) 360-6570 |
| * Robert C. Glenn<br>Frito-Lay, Inc.<br>P.O. Box 660059<br>Dallas, TX 75266-0059<br>Ph:  (972) 376-7791<br>Fax:  (972) 376-7237 | Scott H. Reynolds<br>Levenfeld Pearstein LLC<br>2 N. LaSalle St., Suite 1300<br>Chicago, IL 60602<br>Ph:  (312) 346-8380 |
| * Lesley C. Ardemagni<br>Baker Botts LLP<br>2001 Ross Avenue<br>Dallas, TX 75201-2980<br>Ph:  (214) 953-6500<br>Fax:  (214) 661-6503<br>Counsel for AMB-SGP TX/IL | Eugene S. Kraus, Esq.<br>James M. McArdle, Esq.<br>Scott & Kraus, LLC<br>150 S. Wacker Drive, Suite 2900<br>Chicago, IL 60610<br>Ph:  (312) 327-1050<br>Fax:  (312) 327-1051 |

- 2 -

| | |
|---|---|
| Michael L. Gesas<br>Arnstein & Lehr LLP<br>120 South Riverside Plaza, Suite 1200<br>Chicago, IL 60606<br>Ph: (312) 876-7125<br>Fax: (312) 876-6260 | Brian A. Audette, Esq.<br>David M. Neff, Esq.<br>Piper Rudnick LLP<br>203 N. LaSalle Street, Suite 1800<br>Chicago, IL 60601-1264<br>Counsel for Quaker Sales & Distribution Inc. |
| * Michael Weininger, Esq.<br>Katz Randall & Weinberg<br>200 N. LaSalle Street<br>Suite 2300<br>Chicago, IL 60601 | * Kenneth J. Ottaviano, Esq.<br>Daniel M. Entsminger, Esq.<br>Katten Muchin Zavis Rosenman<br>525 W. Monroe Street, Suite 1600<br>Chicago, IL 60661<br>Ph: (312) 902-5200<br>Fax: (312) 902-1061 |
| * Elizabeth Weller, Esq.<br>Linebarger Goggan Blair & Sampson LLP<br>2323 Bryan Street, Suite 1600<br>Dallas, TX 75201<br>Ph: (214) 880-0089<br>Fax: (214) 253-2558<br>Counsel for Dallas County and Tarrant County | |

CH01/ 25541175.2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Case No. 04-B-05548 |
| | ) | |
| SAGE ENTERPRISES, INC., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Susan Pierson Sonderby |
| | ) | |
| | ) | **Hearing: June 29, 2010** |
| | ) | **@ 10:00 a.m.** |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant: Drinker Biddle & Reath LLP

Authorized to Provide
Professional Services to: Horace P. Fox, not individually, but solely in his capacity as Chapter 7 Trustee

Date of Order Authorizing Employment: May 17, 2006

Period for Which
Compensation is Sought: From May 17, 2006 through May 31, 2010

Amount of Fees Sought: $1,194.967

Amount of Expense
Reimbursement Sought: $39,005.49

This is an: __ Interim Application  X  Final Application

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed | Any Amount Disallowed or Ordered Withheld |
|---|---|---|---|---|
| July 30, 2008 | May 17, 2006 through September 30, 2007 | $239,526.48 | $183,359.98 | No payment until resolution of Continental Adversary and further order of Court. |

Applicant: Drinker Biddle & Reath LLP

Date: June 9, 2010

By: _____/s/ Timothy R. Casey_____
Timothy R. Casey

CH01/ 25551750.3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 04-B-05548 |
| | ) | |
| | ) | |
| SAGE ENTERPRISES, INC., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Susan Pierson Sonderby |
| | ) | |
| | ) | **Hearing: June 29, 2010** |
| | ) | **@ 10:00 a.m.** |

**FINAL APPLICATION OF DRINKER BIDDLE & REATH LLP
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
AS SPECIAL COUNSEL TO HORACE P. FOX, CHAPTER 7 TRUSTEE**

Drinker Biddle & Reath LLP ("DBR"), special counsel to Horace P. Fox, not individually, but solely in his capacity as chapter 7 trustee (the "Trustee") of Sage Enterprises, Inc. (the "Debtor"), pursuant to sections 330, 331 and 507(a)(1) of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure, respectfully submits this application (the "Application") requesting that the Court award final compensation and reimbursement of expenses to DBR for the period from May 17, 2006 through May 31, 2010 (the "Time Period"). In support of the Application, DBR states as follows:

## I.   INTRODUCTION

1.   On February 13, 2004 (the "Petition Date"), four creditors filed an involuntary petition under chapter 7 of the Bankruptcy Code against Sage Enterprises, Inc.

2.   On March 3, 2004, the Court granted the Debtor's motion to convert the case to a voluntary chapter 7 case, and an order for relief was entered the same day.

3.   On March 8, 2004, the Office of the United States Trustee for the Northern District of Illinois filed a letter with the Court appointing Horace P. Fox as trustee.

CH01/ 25551750.3

4.  By Order entered May 17, 2006, the Court approved the Trustee's application to retain and employ Gardner Carton & Douglas LLP[1] as special counsel to continue existing estate litigation against Continental Airlines, Inc. ("Continental"), styled as adversary proceeding no. 04-A-04429 (the "Continental Adversary"). A copy of the May 17, 2006 retention order is attached to and made a party of this Application as Exhibit 1.

5.  In the Continental Adversary, the Trustee sought to collect a debt in the amount of approximately $2.3 million owed by Continental to the Debtor's estate for goods previously sold by the Debtor to Continental.

6.  DBR, on behalf of the Trustee, vigorously prosecuted the Continental Adversary and Continental, at every step of the way, vigorously opposed the Trustee. The parties engaged in extensive written and oral discovery, Continental presented a motion for summary judgment and this Court conducted a trial on the merits on March 24, 2009 through March 27, 2009. On December 31, 2009, this Court issued its Memorandum Opinion holding that the Trustee is entitled to judgment in his favor and against Continental in the amount of $2,288,678.31. After initial memoranda were filed by the parties with respect to the Trustee's request for reasonable fees and prejudgment interest, the parties agreed to mediate the claims made in the Continental Adversary. On May 4, 2010, the parties and Bank of America, N.A. (the "Bank") attended an all day mediation session and reached a proposed settlement (the "Settlement"), which terms are set forth in the Settlement Agreement entered into between the Trustee and Continental (the "Settlement Agreement"). In summary, the Settlement provides that : (i) Continental shall pay $1,975,000 (the "Settlement Amount") to the Trustee on or before

---

[1] As of January 1, 2007, Gardner Carton & Douglas LLP merged with Drinker Biddle & Reath LLP. The firm did business as Drinker Biddle Gardner Carton in Illinois and Wisconsin until December 31, 2007. Since that time the firm has only done business as Drinker Biddle & Reath LLP.

CH01/ 25551750.3

45 days after the Agreement Effective Date[2]; (ii) the Trustee, on the last to occur of the Agreement Effective Date or receipt by the Trustee of the Settlement Amount, will submit to this Court an order in the form of Exhibit 2 to the Settlement Agreement, withdrawing the Motion to Amend and Dismissing the Adversary Proceeding with prejudice and with each party to bear its own costs; and (iii) there will be releases between the Trustee and Continental. Additionally, the Bank supports the entry of the order approving the Settlement, a copy of which is attached as Exhibit 1 to the Settlement Agreement (the "Approval Order") and upon the Agreement Effective Date and receipt by the Trustee of the Settlement Amount has agreed to: (i) execute and deliver to Continental the Release Agreement attached to the Settlement Agreement as Exhibit 3, so long as Continental executes and delivers a copy of the Release Agreement to the Bank; (ii) carve-out from its collateral represented by the Settlement Amount, the amount of $675,000 (the "Carve-Out") to be retained and disbursed by the Trustee, subject to this Court's approval, as payment of the Trustee's compensation for this matter up to the amount of $75,000 and the fees and expenses of DBR in the amount of $600,000 so long as the Approval Order authorizes and directs the Trustee to pay the Bank (a) the amount of $1,300,000 representing the balance of the Settlement Amount after the Carve-Out, within 2 business days after the Trustee's receipt of the Settlement Amount, without further order of this Court; and (b) the amount, if any, representing the difference between the Carve-Out and the amount of the Carve-Out awarded by this Court to the Trustee and to DBR, without further order of this Court. If the Approval Order is entered and the Settlement Amount is paid, DBR has agreed, subject to Court approval, to payment of $600,000 from the Carve-Out in total satisfaction of the fees for services rendered and reimbursement of the costs incurred and upon such payment it will not seek any additional

---

[2]   Terms not otherwise defined in this Application shall have the meaning set forth in the Settlement Agreement.

CH01/ 25551750.3

amounts from the bankruptcy estate. The hearing on approval of the Settlement Agreement is set before this Court for June 9, 2010[3].

7. On November 29, 2007, DBR filed its first interim application for allowance of compensation and reimbursement of expenses as special counsel to the Trustee in the Continental Adversary[4].

8. On July 31, 2008, this Court entered an order allowing DBR, on an interim basis, for the period of May 17, 2006 to and including September 30, 2007, $175,000 for legal services rendered and $8,359.98 as reimbursement of expenses incurred. Pursuant to the order, DBR has not received payment of any of the amounts awarded in such order. A copy of the order is attached to and made a part of this Application as Exhibit 2.

## II. LEGAL STANDARD

9. Under section 330 of the Bankruptcy Code, attorneys applying for payment of fees and expenses bear the burden of demonstrating that their services were "actual, necessary, and reasonable." In re Famisaran, 224 B.R. 886, 896 (Bankr. N.D. Ill. 1998). Section 330(a)(3) of the Bankruptcy Code sets forth the following non-inclusive factors that should be considered in awarding compensation: time, rates, the necessity and benefit of such services, whether the attorney efficiently performed the services given the nature, complexity, and importance of the problems addressed, and the reasonableness of compensation when compared to other attorneys in other cases.

---

[3] A copy of the joint motion for approval of the Settlement, and the Settlement Agreement are on the docket of this case at docket number 382.

[4] The services rendered and expenses incurred for the period covered by the first interim fee application for allowance of compensation and reimbursement of expenses are set forth in Exhibits 3 and 4, respectively. The entire first interim fee application is on the docket of this case at docket number 369.

CH01/ 25551750.3

10. In awarding fees under section 330 of the Bankruptcy Code, Bankruptcy courts in the Northern District of Illinois utilize the factors cited in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-719 (5th Cir. 1974):

> (1) time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4); the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

<u>In re Famisaran</u>, 224 B.R. at 897. Moreover, the Seventh Circuit Court of Appeals has held that attorneys in a bankruptcy must receive the same compensation as they would in performing similar services outside the bankruptcy context. <u>In re UNR Indus., Inc.</u>, 986 F.2d 207, 209-210 (7th Cir. 1993).

11. This Application sets forth in detail the work performed by DBR during the Time Period. This Application contains the following additional sections: (i) Part III describing the nature of the legal services performed by DBR and the actions taken and results obtained by DBR on behalf of the Trustee, and (ii) Part IV describing the manner in which DBR's fees and costs were calculated.

### III. SERVICES PERFORMED

12. DBR recorded 2,572.90 hours at a cost of $1,194,967 during the Time Period in rendering legal services to the Trustee with respect to the Continental Adversary. In connection with the Trustee's pursuit of the claim against Continental, DBR attorneys have engaged in the following activities during the Time Period:

- Preparing for and conducting numerous interviews and follow up with Sage personnel regarding the background to the dispute leading to the Continental Adversary;

- Extensive research and analysis of the legal issues raised in the dispute with Continental which involve, among other issues, contracts and transactions between Continental, Sage, and over fifty relevant equipment vendors ("Suppliers") whose goods form the basis of the collection dispute with Continental;

- Extensive written and documentary discovery which included (a) the review and cataloging of Sage corporate files and documents which DBR conservatively estimates exceeds well in excess of 1 million pages of material, (b) production of relevant materials to Continental, and (c) review and analysis of several thousand pages of materials produced by Continental in the course of discovery;

- Engaging in third-party discovery with numerous Suppliers;

- Negotiating and implementing numerous orders and agreements with counsel for Continental and with Suppliers regarding the scope of discovery and scheduling;

- Preparing for and attending the depositions of Gary Greenberg and Sheldon J. Stillman, co-founders of the Debtor, and Richard Roller, Debtor's Vice President of Accounting;

- Preparing for, attending and examining Mr. Robert Green, Continental's Manager of Commodity and On-Board Purchasing, and Ms. Katrina Manning, Continental's Vice President of Corporate Purchasing and Material Services, at their depositions in Houston, Texas;

- Reviewing and researching issues presented and preparing a written response in opposition to Continental's motion for summary judgment on the Trustee's claims and its counterclaim;

- Preparing the Joint Pretrial Statement;

- Preparing the Trustee's trial brief;

- Preparing for and participating in the trial of the Continental Adversary;

CH01/ 25551750.3

- Preparing the Trustee's Proposed Findings of Fact and Post-Trial Brief.

- Reviewing Continental's Proposed Findings of Fact and Post-Trial Brief and preparing of the Trustee's response brief;

- Preparing for and presenting the Trustee's closing argument;

- Reviewing and responding to Continental's request to supplement its post trial brief;

- Preparing the Trustee's memoranda in support of an award of attorneys fees and prejudgment interest;

- Preparing for and participating in the mediation and proposed settlement of the Continental Adversary;

- Negotiating and preparing the Settlement Agreement, the joint motion to approve the Settlement and related pleadings;

- Preparing and presenting DBR fee applications;

- Communications with Continental counsel regarding all facets of the case; and

- Communications with the Trustee regarding status, strategy and settlement.

13.     Development and trial of the Continental Adversary was complicated and labor-intensive due to, among other factors, the number of contracts and third party Suppliers whose activities relate to the Trustee's claims against Continental, the resulting amount of potentially relevant documents involved in the transactions, the need to test such documentation and the facts against legal theories, the number of affirmative defenses raised by Continental and

Continental's counterclaim for liquidated damages, which counterclaim was not abandoned by Continental until after trial.

14. Detailed time entries for the Time Period showing the services provided by DBR, the attorney providing the service, the date the service was provided, the time incurred and the value of such time are set forth in Exhibit 3.

### IV. CALCULATION OF TIME AND FEES

15. All professional services for which compensation is requested herein, and reimbursement for all expenses incurred, have been directly related to the Continental Adversary and were rendered for the benefit of the Debtor's estate. No agreement or understanding exists between DBR and any other person for the sharing of compensation received or to be received in connection with the Debtor's cases (other than as disclosed or authorized pursuant to sections 327, 328, 330 and 331 of the Bankruptcy Code).

16. As set forth in Exhibit 3, DBR's attorneys and paralegals have spent 2,572.90 hours during the Time Period, providing necessary legal services as special counsel for the Trustee with respect to the Continental Adversary. As a result, DBR seeks final allowance of the reasonable value of professional services rendered by DBR to the Trustee in this Chapter 7 case during the Time Period in the amount of $1,194,967 for actual, necessary legal services performed (see Exhibit 3 –Timekeeper Summary). The average hourly rate is $464.44. In addition, DBR also seeks final allowance of $39,005.49 for actual and necessary expenses incurred in representing the Trustee as special counsel (see Exhibit 4 entitled Expense Summary)[5].

---

[5] The amount of $39,005.49 is net of requests for reimbursement in DBR's first interim application for allowance of compensation and reimbursement of expenses in the amount of $7.54 for overtime meals and $21.00 for facsimile charges, which amounts DBR does not seek as part of this Application.

CH01/ 25551750.3

17. As noted in paragraph 6, as part of the Settlement, and subject to this Court's approval, $600,000 of the Carve-Out is to be paid to DBR in full settlement and satisfaction of its fees and expenses. In essence, as a part of the Settlement, DBR has agreed to take a significant reduction by limiting the amount to be paid on its fees and expenses to $600,000. DBR is seeking allowance of $1,233,972.49 in fees and expenses. Accordingly, if such amount were allowed in full, DBR would voluntarily be reducing its fees and costs by $633,972.42 or approximately 51%. To the extent the Court has any issues with the allowance of the fees and expenses, DBR believes the voluntary reduction in the amount of $633,972.42 is more than sufficient to cover such concerns. DBR asserts that the fees and expenses are more than reasonable because of (i) the complexity of, difficultly presented by and the results obtained in the Continental Adversary; and (ii) DBR diligently persisted in prosecution of the claims notwithstanding the objections to its request for interim compensation and for payment of same by the Bank through advances pursuant to the final cash collateral order entered at docket number 102, as had been done for prosecution of other claims held by the estate. As such, DBR has been the only party in the case to not be paid on an interim basis and to take the risk of nonpayment of its fees and expenses.

18. In preparing this fee application, DBR has calculated the amount of time spent by each attorney and paralegal in performing actual and necessary legal services for the Trustee. The data used came directly from computer printouts which are kept on each DBR client. DBR attorneys and paralegals are identified generally by initials and last name. In Exhibit 5, all attorneys and paralegals are also identified by full name, title, rate and, where appropriate, year admitted to the bar and area of practice. The hourly rates charged are the hourly rates charged by DBR for comparable services to comparable clients. All services and

CH01/ 25551750.3

expenses for which DBR requests compensation and reimbursement were performed and incurred on behalf of the Trustee.

19. DBR has not included in the Application any (a) charges that are the result of unnecessary duplication of services, or (b) charges for services that were not reasonably likely to benefit the Debtor's estate. See 11 U.S.C. § 330(a)(4)(A). DBR worked to avoid duplication of efforts between parties, and in instances where more than one attorney billed for a project, there was need for multiple attorneys' involvement. Courts have approved multiple representations in analogous circumstances. See, e.g., Berberena v. Coler, 753 F.2d 629, 633 (7th Cir. 1985); In re Washington Manufacturing Co., 101 B.R. 944, 949 (Bankr. M.D. Tenn. 1989); In re N-Ren Corp., 71 B.R. 488, 490-491 (Bankr. S.D. Ohio 1987).

20. The out-of-pocket expenses, which are summarized in Exhibit 4 include (i) electronic database research regarding various legal issues, charged at the rate charged by the research company, (ii) duplicating, both internal (charged at $.10 per page) and outside services (charged at the amount billed to DBR), (iii) local transportation (to and from Court hearings and out-of-office meetings), (iv) travel, hotels and meals for depositions of Continental employees in Houston, Texas, (v) postage, (vi) express delivery services, (vii) overtime meals, (viii) court reporter services; (ix) pacer charges, and (x) other miscellaneous expenses.

21. No compensation has been promised to DBR other than as disclosed or approved by this Court. DBR certifies that there is no agreement between it and any other party regarding the sharing of fees except with DBR's principals. Finally, DBR represents that it is

and remains a disinterested party and, other than as disclosed in its retention application, does not hold or represent any adverse interests to the Debtor's estate.[6]

WHEREFORE, DBR respectfully requests that this Court enter an Order:

a. Granting DBR final allowance of reasonable compensation for actual, necessary legal services rendered to the Trustee for the period May 17, 2006, to and including May 31, 2010, in the amount of $1,194,967;

b. Granting DBR final allowance of reimbursement of actual, necessary expenses incurred in representing the Trustee for the period May 17, 2006, to and including May 31, 2010, in the amount of $39,005.49;

c. Authorizing and directing the Trustee to pay $600,000 from the Carve-Out to DBR in full satisfaction of the amount approved by this Court for reimbursement of expenses and the balance to the amount approved by this Court as fees for services rendered; and

---

[6] As this Court is aware and as disclosed in its application for retention as special counsel, DBR has and continues to represent the Bank, Debtor's primary secured lender, in connection with proceedings in the main bankruptcy case.

CH01/ 25551750.3

   d. Granting such other and further relief as the Court deems just and appropriate under the circumstances.

          Respectfully submitted,

          DRINKER BIDDLE & REATH LLP

          By: /s/ Timothy R. Casey
            Timothy R. Casey

SPECIAL COUNSEL TO HORACE P.
FOX, CHAPTER 7 TRUSTEE OF THE
ESTATE OF SAGE ENTERPRISES, INC.

Michael E, Barry (#3121539)
Timothy R. Casey (#66180828)
**DRINKER BIDDLE & REATH LLP**
191 North Wacker Drive, Suite 3700
Chicago, Illinois 60606-1698
Telephone: (312) 569-1000
Facsimile: (312) 569-3000

Dated: June 9, 2010

CH01/ 25551750.3