**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 04-05548 |
| | ) | |
| Sage Enterprises, Inc. | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Susan Pierson Sonderby |
| | ) | |
| | ) | Hearing Date: June 29, 2010 at 10:00 a.m. |
| | ) | |

**NOTICE OF FIRST AND FINAL FEE APPLICATION OF FREEBORN & PETERS LLP AS COUNSEL TO HORACE P. FOX, CHAPTER 7 TRUSTEE AND REQUEST FOR <u>SHORTENED AND LIMITED NOTICE THEREOF</u>**

To:      Service List

PLEASE TAKE NOTICE that on June 16, Freeborn & Peters LLP ("*F&P*") filed its *First and Final Fee Application of Freeborn & Peters LLP as Counsel to the Chapter 7 Trustee and Request for Shortened and Limited Notice Thereof* (the "*Application*") with the United States Bankruptcy Court for the Northern District of Illinois. Through the Application, F&P seeks (a) allowance and approval of $13,968.50 in compensation for legal services rendered by F&P to Horace P. Fox, not individually, but solely as the chapter 7 trustee (the "*Trustee*") of the above-captioned debtor from July 8, 2008 through June 16, 2010, 2010, and (b) the Court's authorization and direction to the Trustee to pay F&P compensation and in the aggregate amount of $13,968.50.

PLEASE TAKE FURTHER NOTICE THAT a hearing on the Application will take place before the Honorable Susan Pierson Sonderby of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or whomever may be sitting in her place and stead, at 219 South Dearborn Street, Courtroom 642, Chicago, Illinois on June 29, 2010 at 10:00 a.m.

Objections, if any, to the relief requested in the Application must be filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois prior to the hearing on the Application.

At the same time, you should also serve a copy of the objection upon the following so as to be received prior to the hearing on the Application: Freeborn & Peters LLP, 311 South Wacker Dr., Suite 3000, Chicago, Illinois 60606 (Attn: Richard S. Lauter).

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated: June 16, 2010 **FREEBORN & PETERS LLP**

By:     /s/ Richard S. Lauter
Richard S. Lauter (No. 6182859)
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone:  312.360.6000
Facsimile:   312.360.6520

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 04-05548 |
| | ) | |
| Sage Enterprises, Inc. | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Susan Pierson Sonderby |
| | ) | |
| | ) | Hearing Date: June 29, 2010 at 10:00 a.m. |
| | ) | |

**CERTIFICATE OF SERVICE**

I, Richard S. Lauter, an attorney, do hereby certify that on June 16, 2010, I caused the attached *Notice of Application and First and Final Fee Application of Freeborn & Peters LLP as Counsel to the Chapter 7 Trustee* and *Request for Shortened and Limited Notice Thereof* to be served on parties electronically via the CM/ECF system, and will be sent by operation of the Court's electronic filing system to all parties indicated on the Court's electronic filing receipt and via U.S. Mail postage prepaid as noted below.

/s/ Richard S. Lauter

**SERVICE LIST**

**U.S. Mail**

M. Gretchen Silver
Office of the US Trustee, Region 11
219 S. Dearborn Street, Room 873
Chicago, IL 60606

Michael E. Barry
Timothy R. Casey
Terri L. Ahrens
Drinker Biddle & Reath LLP
191 N. Wacker Drive, Suite 3700
Chicago, IL 60606

Richard M. Bendix
Martin W. Salzman
Robert Nachman
Dykema Gossett PLLC
10 S. Wacker Dr., Suite 2300
Chicago, IL 60608

Horace P. Fox, Jr.
Lehman & Fox
6 E. Monroe
Chicago , IL 60603

3

| | |
|---|---|
| Irene S. Fiorentinos<br>Timothy Hoffman<br>Jones Day<br>77 West Wacker Drive<br>Chicago, Illinois 60601 | Thomas Hirsh, Assistant General Counsel<br>Bank of America<br>135 South LaSalle Street<br>Chicago, IL 60603 |
| Robert C. Glenn<br>Frito-Lay, Inc.<br>P.O. Box 660059<br>Dallas, TX 75266-0059 | Scott H. Reynolds<br>Levenfeld Pearstein LLC<br>2 N. LaSalle St., Suite 1300<br>Chicago, IL 60602 |
| Lesley C. Ardemagni<br>Baker Botts LLP<br>2001 Ross Avenue<br>Dallas, TX 75201-2980 | Eugene S. Kraus, Esq.<br>Scott & Kraus, LLC<br>150 S. Wacker Drive, Suite 2900<br>Chicago, IL 60610 |
| Michael L. Gesas<br>Arnstein & Lehr LLP<br>120 South Riverside Plaza, Suite 1200<br>Chicago, IL 60606 | DLA Piper<br>203 N. LaSalle Street, Suite 1800<br>Chicago, IL 60601-1264 |
| Michael Weininger, Esq.<br>Katz Randall & Weinberg<br>200 N. LaSalle Street<br>Suite 2300<br>Chicago, IL 60601 | Kenneth J. Ottaviano, Esq.<br>Daniel M. Entsminger, Esq.<br>Katten Muchin Zavis Rosenman<br>525 W. Monroe Street, Suite 1600<br>Chicago, IL 60661 |
| Elizabeth Weller, Esq.<br>Linebarger Goggan Blair & Sampson LLP<br>2323 Bryan Street, Suite 1600<br>Dallas, TX 75201 | Gus Paloian<br>Seyfarth Shaw LLP<br>55 E. Monroe St., Suite 4200<br>Chicago, IL 60603-5803 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 04-05548 |
| | ) | |
| Sage Enterprises, Inc. | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Susan Pierson Sonderby |
| | ) | |
| | ) | Hearing Date: June 29, 2010 at 10:00 a.m. |
| | ) | |

**COVER SHEET FOR FIRST AND FINAL INTERIM FEE APPLICATION OF**
**FREEBORN & PETERS LLP AS COUNSEL TO**
**HORACE P. FOX, CHAPTER 7 TRUSTEE**

Name of Applicant:   Freeborn & Peters LLP

Authorized to provide
professional services to:   Horace P. Fox, not individually, but solely as the chapter 7 Trustee

Date of retention:   July 14, 2004 *nunc pro tunc* to July 6, 2004[1]

Period for which
compensation and
reimbursement is sought:   July 8, 2008 through June 16, 2010

Amount of compensation
sought as actual
reasonable and necessary:   $13,968.50

This is an ____ interim  X  final application

---

[1] On July 14, 2004 Richard S. Lauter was retained as counsel to the Trustee while he was at the firm of Seyfarth & Shaw. He later joined the firm of Levenfeld & Pearlstein, and in April 2008 Mr. Lauter joined the firm Freeborn & Peters LLP.

Dated: June 16, 2010                        **FREEBORN & PETERS LLP**

                                             By:      /s/ Richard S. Lauter
                                                     Richard Lauter (No. 6182859)
                                                     FREEBORN & PETERS LLP
                                                     311 South Wacker Drive, Suite 3000
                                                     Chicago, Illinois 60606
                                                     Telephone: 312.360.6000
                                                     Facsimile: 312.360.6520

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 04-05548 |
| | ) | |
| Sage Enterprises, Inc. | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Susan Pierson Sonderby |
| | ) | |
| | ) | Hearing Date: June 29, 2010 at 10:00 a.m. |
| | ) | |

**FIRST AND FINAL INTERIM FEE APPLICATION OF FREEBORN & PETERS LLP AS COUNSEL TO THE CHAPTER 7 TRUSTEE AND REQUEST FOR SHORTENED AND LIMITED NOTICE THEREOF**

Freeborn & Peters LLP ("*F&P*"), counsel to Horace P. Fox, not individually, but solely as the chapter 7 trustee (the "*Trustee*") for the estate of Sage Enterprises, Inc. (the "*Debtor*"), hereby submits this *First and Final Fee Application of Freeborn & Peters LLP as Counsel to the Chapter 7 Trustee and Request for Shortened and Limited Notice Thereof* (the "*Fee Application*") for services rendered from November July 8, 2008 through June 16, 2010 (the "*Application Period*") and in support thereof, states as follows:

**JURISDICTION AND VENUE**

1.  The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code. Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.

2.  The statutory predicates for the relief requested herein are sections 330, 503(b), and 507(a)(1) of the title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1 of the

Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*").

## BACKGROUND

3. On February 13, 2004 (the "*Petition Date*"), four creditors filed an involuntary petition for relief under chapter 7 of the United States Bankruptcy Code against Sage Enterprise, Inc. in the United States Bankruptcy Court for the Northern District of Illinois (the "*Bankruptcy Court*").

4. On March 3, 2004, the Court granted the Debtor's motion to convert the case to a voluntary chapter 7 case, and an order for relief was entered the same day.

5. On March 8, 2004 the Office of the Untied States Trustee for the Northern District of Illinois filed a letter with the Court appointing Horace P. Fox as Trustee.

6. By Order entered July 14, 2004 the Court approved the Trustee's application to retain and employ Richard Lauter and the law firm of Seyfarth Shaw LLP ("*Seyfarth*") as counsel to the Trustee, retroactive to July 6, 2004.

7. In April 2006, Richard S. Lauter joined the law firm of Levenfeld Pearlstein, LLC ("*Levenfeld*") and continued his representation of the Trustee. On May 30, 2006 at Order was entered awarding the substitution of counsel from Seyfarth to Levenfeld.

8. In April 2008, Richard S. Lauter joined the firm of Freeborn & Peters LLP ("*F&P*") where he continued his representation of the Trustee.

## RELIEF REQUESTED

9. By this Fee Application, F&P seeks an order: (1) allowing F&P $13,968.50 in compensation for the period of July 8, 2008 through June 16, 2010 (the "*Fee Application Period*") as a chapter 7 administrative expense of the Debtor's estate pursuant to sections 503(b)

2

and 507(a)(1) of the Bankruptcy Code; and (2) authorizing payment to F&P of $13,968.50, representing amounts owing to F&P on account of the Fee Application.

10. A detailed schedule of services rendered (broken down by project category) during the Fee Application Period is attached hereto and incorporated herein as *Exhibit A*.

### **DISCUSSION**

11. Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

> [T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . . In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

12. The Seventh Circuit Court of Appeals has stated that:

> The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986). Additionally, other courts of appeal have recognized that:

> [I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

3

13. In reviewing the Fee Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

> [I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . . Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.").

14. In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, LEXIS). *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

15. The Court should also consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by F&P's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

16. F&P's hourly rates of compensation for those attorneys during the Fee Application Period range from $215.00 to $565.00. Those rates are comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in this jurisdiction. F&P consistently and consciously made every reasonable effort to represent the Trustee in the most economical, efficient, and practical manner possible.

17. A summary of the compensation requested herein regarding each of F&P's professionals and para-professionals is set forth below:

| Timekeeper | Title | Illinois Bar Admission | 2008 Hourly Rate | 2009 Hourly Rate | 2010 Hourly Rate | Total Hours | Compensation Requested |
|---|---|---|---|---|---|---|---|
| Lauter, Richard S. | Partner | 1982 | $520.00 | $550.00 | $565.00 | 22.6 | $12,430.00 |
| Eggert, Devon J. | Associate | 2006 | N/A | N/A | $295.00 | 2.3 | $678.50 |
| Sheldon, Kathryn C. | Paralegal | N/A | N/A | N/A | $215.00 | 4.0 | $860.00 |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  | TOTAL: | 28.9 | $13,968.50 |
|  |  |  |  |  | BLENDED RATE: |  | $483.34 |

18. No agreement or understanding exists between F&P and any other person for the sharing of compensation received or to be received in connection with this chapter 7 case, other than as disclosed or authorized pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. As of the date of this Fee Application, F&P has received no compensation on account of services rendered and expenses incurred with respect to the representation of the Trustee during the Fee Application Period.

19. F&P reserves the right to correct, amend, or supplement this Fee Application, including, without limitation, to seek payment in the event this Fee Application is not approved in full.

5

## SERVICES PERFORMED

20. This Fee Application sets forth in detail the work performed by F&P and the time spent during the Fee Application Period. F&P recorded 28.4 hours at a cost of $13,968.50 during the Fee Application Period in rendering legal services to the Trustee.

21. F&P's services to the Trustee during the Fee Application Period can be summarized as follows: (i) advising the Trustee on general strategy considerations with respect to the litigation against Continental Airlines (including the post-judgment mediation); (ii) assisting the Trustee in accounting for property of the estate, including investigating and analyzing the flow of estate funds into the Debtor's bank accounts at the Bank of America, N.A.; and (iii) advising the Trustee regarding liquidating the estate's equity interest in Delta Airlines.

22. Detailed time entries showing the services provided by F&P, the professional providing the service, the date the service was provided, the time incurred and the value of such time are set forth in *Exhibit A*.

## BENEFIT TO THE ESTATE

23. F&P's efforts on behalf of the Trustee benefitted the estate by efficiently assisting the Trustee in winding up the estate. At the Trustee's request, F&P provided general strategic advice with respect to the Trustee's adversary action against Continental Airlines. Additionally, F&P's efforts increased the recovery for the Debtor's creditors by assisting the Trustee in liquidating the estate's equity interest in Delta Airlines, and ensuring that all estate funds were properly accounted for.

24. F&P submits that the legal services rendered during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the estate. Accordingly, F&P respectfully requests allowance of all amounts requested herein.

**REQUEST TO SHORTEN AND LIMIT NOTICE**

25.     Pursuant to Bankruptcy Rule 2002(a)(6), twenty-one days' notice of an application for compensation must be given to the debtor, the trustee, all creditors and indenture trustees.  However, Bankruptcy Rule 9006(c) states that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c).  Given the amounts requested herein and the status of this chapter 7 case, F&P submits that "cause" exists to shorten and limited notice of this application, as providing twenty-one days' notice to all creditors would impose prohibitive costs and delay upon the Trustee and his professionals.

26.     F&P has provided notice and a copy of this Application to (a) the Office of the United States Trustee; (b) the Chapter 7 Trustee; (c) Bank of America; and (d) all parties who have filed a request to receive notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, F&P respectfully requests that the Court enter an order:

(a)     allowing F&P $13,968.50 in compensation for the Fee Application Period as chapter 7 administrative expenses of the Debtor's estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(b)     authorizing payment to F&P of $13,968.50 representing amounts owing to F&P on account of the Fee Application; and

(c)     granting such other and further relief as the Court deems just and proper.

Dated: June 16, 2010            **FREEBORN & PETERS LLP**

           By:      /s/Richard S. Lauter
           Richard S. Lauter (No. 6182859)
           FREEBORN & PETERS LLP
           311 South Wacker Drive, Suite 3000
           Chicago, Illinois 60606
           Telephone: 312.360.6000
           Facsimile: 312.360.6520